UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SABATO TORRES,                                          Docket No.:

             Plaintiff,                              **COMPLAINT**

          -against-                                    **Jury Trial Demanded**

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

             Defendant.
-----------------------------------------------------------------------X

Plaintiff, SABATO TORRES, by and through his attorneys, RICOTTA &
MARKS, P.C., complaining of the Defendant herein, alleges, upon knowledge as to herself
and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. § 1983, to redress violation of
Plaintiff's constitutional rights in the terms, conditions and privileges of
employment of Plaintiff by the Defendant, as well as deprivation by the Defendant,
acting under color of law, of the policies, ordinances, custom and usage of rights,
privileges and immunities secured to the Plaintiff by the Fourteenth Amendment to
the Constitution of the United States and all the laws and statutes thereunder, the
Americans with Disabilities Act, the New York State Human Rights Law
("NYSHRL"), §290, *et seq.*, the New York City Administrative Code
("NYCHRL"), Title 8, and any other causes of action which can be inferred from
the facts set forth herein.

1

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, the doctrine of pendent jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. §1391.

4. A charge of discrimination has been duly filed with the Equal Employment Opportunity Commission ("EEOC"). A Right to Sue letter, dated January 19, 2018 was received on or about January 24, 2018. This complaint is filed within ninety (90) days of receipt of same. Moreover, a Notice of Claim was served on Defendant relating to these claim in May 2017.

## PARTIES

5. Plaintiff, Sabato Torres ("Torres" or "Plaintiff") was and still is a resident of Queens County, State of New York.

6. Defendant, The New York City Department of Education ("DOE" or "Defendant") was and is a municipal entity located at 52 Chambers Street, New York, New York 10007.

## FACTS

7. Sabato Torres ("Torres") is a Caucasian male.

8. Torres began his employment with the DOE in or around April 2002.

2

9.     In August 2014, Torres was hired to work at P.S./I.S. 295Q, within District 29, as a 7th/8th grade math teacher.

10.    Torres's principal at the time of hire, and at all relevant times thereafter, was Deon Lavigne-Jones (African American).

11.    The Superintendent of District 29 is and at all relevant times was Lenon Murray.

12.    During the course of Torres's employment within District 29, he was subjected to severe and pervasive harassment and discrimination within the workplace at the hands of administrators, due to his race/color.   In sum, Torres was treated in a hostile and abusive manner to which his similarly situated, non-Caucasian colleagues were not similarly subjected.   This conduct was so intolerable that Torres was ultimately diagnosed with post-traumatic stress disorder in or around May 2016.

13.    This disability impacts Torres' ability to think, breathe, and otherwise caused additional medical issues for Torres.

14.    In or around Fall 2015, Torres complained to Murray about the discriminatory treatment and harassment to which he was being subjected.   Murray did nothing and attempted to suppress Torres' complaint.   Murray has since been terminated by the DOE and arrested for engaging in workplace harassment, which might explain his inaction.

15.    As a result of the extreme and intolerable abuse to which Torres was subjected, and

the failure of the DOE to remedy the situation, he had no choice but to seek a medical leave of absence, or Restoration of Health leave, pursuant to DOE policy. Effective May 2016, Torres applied for and was approved for a restoration of health leave of absence due to the anxiety and depression he was experiencing as a result of the hostility to which he was subjected.

16.     Moreover, in or around August 1, 2016, Torres also applied for a "Hardship Transfer" which, pursuant to DOE rules and/or the collective bargaining agreement, is a transfer that an employee is entitled to seek in situations where there continued employment within their current assignment presents a medical or financial hardship.    Torres applied for the transfer and provided medical documentation supporting the medical necessity for said transfer.

17.     On or about August 15, 2016, Torres was advised that his hardship transfer was being granted.    Torres was subsequently advised, however, that, due to the fact that he would not be returning in September, his transfer request was not going to be put through.

18.     On or about August 17, 2016, Torres filed a claim with the United States Equal Employment Opportunity Commission ("EEOC") wherein he complained about the discrimination and harassment to which he was subjected.    Upon information and belief, the DOE received notice of this claim in or around late 2016.

19.     On or about April 6, 2017, with Torres intending on returning to work in September 2017, he submitted a new hardship transfer based on the same grounds as the prior

request that had been granted. Torres submitted updated medical documentation reflecting his disability to support the request and complied with all requests for information.

20. Notwithstanding this fact, on or about May 4, 2017, Torres was advised that his hardship transfer was being denied. In denying the request, the DOE alleged that the transfer was "not medically warranted" despite the fact that in August 2016 (before Torres filed a charge of discrimination), the same ailment and reasons were deemed to have justified the transfer. This denial was clearly in retaliation for Torres's protected activity of filing a claim with the EEOC.

21. As a result, Torres remains assigned to P.S./I.S. 295Q and the only way he could return to work would be to return to the hostile work environment which has caused and exacerbated his medical issues.

22. As a result, Torres has had to continue his medical leave, for which he is not paid.

23. Ultimately, due to Respondent's discriminatory and retaliatory conduct, and failure to accommodate a known disability, or otherwise engage in the interactive process of identifying an alternative accommodation, Torres remains unable to return to work with the DOE.

24. Moreover, in January 2018, desperate to return to work due to financial hardship stemming from his continued leave that he was forced to take due to the DOE's failure to accommodate him, Torres requested to return to work.

25.   Upon receiving his request to return to work, the DOE brazenly used the same doctor's note for which they denied Torres an accommodation as a justification for refusing to allow him to return to work.   As a result, the DOE is now preventing Torres from returning to work, by both refusing to return him to his prior school and by refusing to accommodate him with a transfer to a different school, based on his medical records and requests.

26.   Clearly, this is being done in retaliation for Torres' continued protected activities (which included his filing a claim with the State Division of Human Rights in June 2017 and his serving his Notice of Claim), and in an effort to prevent him from returning to work, in order to justify ultimately terminating his employment.

27.   Based on the foregoing, the DOE has subjected Torres to unlawful discrimination due to him disability and/or perceived disability and retaliated against him due to his engaging in protected activities in violation of Plaintiff's statutory and constitutional rights, the Americans with Disabilities Act, The NYS Human Rights Law, and the New York City Administrative Code.

28.   The aforementioned conduct has caused Torres to suffer financial damages, including lost pay, as well as emotional damages and physical manifestations of same.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

29.   Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

30.    Defendant, while acting under color of state law, deprived Plaintiff of his constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.   The Defendant has intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendant's custom or practice of discriminating and/or retaliating against Plaintiff due to Plaintiff's disability to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

31.    By reason of Defendant's violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical, emotional, and other damages.   Plaintiff is also entitled to all forms of equitable relief, which may alleviate and/or redress the unlawful activities described above.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

32.    Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

33.    As described above, Defendant has unlawfully discriminated against Plaintiff due to his disability and/or perceived disability in violation of the Americans with

Disabilities Act by subjecting him to a hostile work environment, adverse

employment actions, and an atmosphere of adverse employment actions, and by

failing to accommodate a known disability.

34.     Defendant has also subjected Plaintiff to retaliation due to his complaints about the

discrimination to which he was subjected and in response to his requests for

accommodations, in violation of the Americans with Disabilities Act.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

35.     Plaintiff repeats, reiterates, and realleges each and every allegation in the above

paragraphs of this complaint.

36.     Plaintiff has been subjected to a hostile work environment, adverse employment

actions, and an atmosphere of adverse employment actions in discriminating

against Plaintiff due to his disabilities, failing to accommodate a known disability,

and retaliation for his engaging in protected activities.   Defendant actions are in

violation of the New York State Executive Law, the Human Rights Law, §296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CITY LAW

37.     Plaintiff repeats, reiterates, and realleges each and every allegation in the above

paragraphs of this complaint.

38.     As described above, Defendant has unlawfully discriminated against Plaintiff due

to his disability and/or perceived disability in violation of the New York City

Administrative Code, Title 8, by subjecting him to a hostile work environment,

adverse employment actions, and an atmosphere of adverse employment actions, and by failing to accommodate a known disability.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CITY LAW

39. Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

40. Plaintiff has been subjected to a hostile work environment, adverse employment actions, and an atmosphere of adverse employment actions due to his disability and/or in retaliation for his engaging in protected activities. Defendant's actions are in violation of the New York City Administrative Code, Title 8.

WHEREFORE, Plaintiff demands judgment against defendant for all compensatory, emotional, physical, and punitive damage (against individual defendants where applicable), lost pay, front pay, injunctive relief, reinstatement, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
      March 30, 2018

                                         RICOTTA & MARKS, P.C.
                                         *Attorneys for Plaintiff*
                                         31-10 37th Avenue, Suite 401
                                         Long Island City, NY 11101
                                         (347) 464-8694

                                         Thomas Ricotta